# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> *Plaintiff,* § <br> v. § <br> § <br> $448,840.92 IN UNITED STATES § <br> CURRENCY, § <br> § <br> *Defendant.* § | Civil Action No.  4:21-CV-00202 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Government's Motion to Dismiss Forfeiture Complaint (Dkt. #11). Having considered the motion and the relevant pleadings, the Court finds the motion should be **DENIED**.

### BACKGROUND

The Government brought this *in rem* civil forfeiture action to recover the sum of $448,840.92 in United States currency. Because it is pursuing the forfeiture in a parallel criminal proceeding, the Government, on September 3, 2021, requested this Court dismiss the action against the property. It indicated that one claimant, Bittrex, agreed to bear its own cost and attorney's fees.

Three other claimants, Excel Title Group, LLC, Jason M. Forgey, Esp., and Forgey Law Group PLLC (collectively, "Claimants") filed a Verified Claim to Assert Interest in the seized currency on June 21, 2021. Having an interest in the matter, Claimants filed an objection to the Government's Motion to Dismiss on September 16, 2021 (Dkt. #12).

### LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P.

41(a)(2); *accord Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 n.2 (5th Cir. 2002). "The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion." *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985); *see United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 329 (5th Cir. 2003) (citation omitted). Generally, a motion for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit. *Doe*, 343 F.3d at 330 (citing *Elbaor*, 279 F.3d at 317).

"Rule 41(a)(2) provides protection to the [d]efendant in the event [p]laintiffs seek to voluntarily dismiss the action by granting the court the authority to determine whether to dismiss the case." *Maverick Recording Co. v. Harper*, No. SA-07-CV-0026, 2007 WL 9706834, at *2 (W.D. Tex. Sept. 27, 2007). In evaluating a motion for voluntary dismissal under Rule 41, the court considers "whether an unconditional dismissal will cause the non-movant to suffer legal prejudice," defined as "prejudice to some legal interest, some legal claim, some legal argument." *DSI Ventures, Inc. v. Sundin*, No. 6:17-CV-498, 2019 WL 1506016, at *1 (E.D. Tex. Apr. 5, 2019) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)); *see also Reetz v. Jackson*, 176 F.R.D. 412, 413 (D.D.C. 1997) (Voluntary "dismissals have generally been granted in the federal courts unless the defendant [that is being dismissed] would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage.") (internal citations omitted).

The court considers the following factors to assess whether the non-moving party will suffer prejudice: "(1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact" that the defendant has

filed a motion for summary judgment. *DSI Ventures*, 2019 WL 1506016, at *1 (citing *Elbaor*, 279 F.3d at n.3).

**ANALYSIS**

Claimants here contend they will suffer prejudice if the Court dismisses this action. The Government has not responded to this argument and makes no mention of Claimants in its motion. As an initial matter, however, the Court must determine whether Claimants assert the proper legal framework. Claimants argue that the prejudice analysis is proper because, in civil forfeiture actions, there is no traditional "defendant," and, if the Court dismisses the action, Claimants would suffer the same type of prejudice a "defendant" would face in a different type of civil action—the type that Rule 41(a)(2) seeks to prevent.

Despite scant case law on this issue, the Court agrees. Indeed, "[w]hether the proper procedural framework here is provided by Rule 41(a)(2) or by some other source of authority—such as Rule 15 of the Federal Rules of Civil Procedure . . . the touchstone of the Court's analysis still would hinge on whether" dismissal of the action "would be likely to cause any prejudice to" Claimants. *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 307 F.R.D. 249, 252 (D.D.C. 2014). Further, The Fifth Circuit has indirectly recognized a claimant as a "defendant" for purposes of Rule 41(a)(2). *See United States v. One 6.5 mm. Mannlicher-Carcano Mil. Rifle*, 406 F.2d 1170, 1172 (5th Cir. 1969) (discussing whether claimant-appellant properly argued that dismissal under Rule 41(a)(2) was abuse of discretion). Accordingly, the Court will consider whether Claimants will suffer legal prejudice upon dismissal of this action.

As mentioned, the Court will consider the following factors to assess whether Claimaints would suffer prejudice: "(1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3)

3

insufficient explanation of the need to take a dismissal; and (4) the fact" that the defendant has filed a motion for summary judgment. *DSI Ventures*, 2019 WL 1506016, at *1 (citing *Elbaor*, 279 F.3d at n.3). Claimants contend they have incurred significant costs in the adjudication of this matter, the Government has been less than diligent in its prosecution, and the Government has not sufficiently explained its need for dismissal. Because no party has filed a motion for summary judgment, the fourth factor is immaterial.

The first factor weighs against dismissal. The large sum of money at issue here represents a substantial interest for claimants who "have gone to great lengths to track the transfer and destination of the $448,840.92" (Dkt. #12 at p. 3). The Claimants also indicated this in their Verified Claim.

The second factor likewise weighs against dismissal. Claimants have properly submitted a claim in this action yet contend they have received no communication from the Government. Notably, the Government has communicated with claimant Bittrex, evident from the Government's motion. Such silence suggests a lack of due diligence in the adjudication of the matter.

Further, the third factor weighs against dismissal. The Government writes one line to explain its need for dismissal and makes no mention of what will happen to Claimants' claims for the sum of money or its potential claims for costs and attorney's fees.

For these reasons, the Court finds Claimants would suffer legal prejudice upon dismissal of this action at this stage.

## CONCLUSION

It is therefore **ORDERED** that the Government's Motion to Dismiss Forfeiture Complaint (Dkt. #11) is hereby **DENIED.**

**SIGNED this 29th day of November, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE